NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELI DUNN, Plaintiff-Appellant, v. BRYCE HATCH; et al., Defendants-Appellees. | No. 18-35485 D.C. No. 1:15-cv-00479-BLW MEMORANDUM[*] |
| ELI DUNN; COLIN ALLEN, Plaintiffs-Appellees, v. BRYCE HATCH; HATCH MARINE ENTERPRISE, LLC, in personam, Defendants-Appellants. | No. 18-35511 D.C. No. 1:15-cv-00479-BLW |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted August 27, 2019[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Seattle, Washington

Before:  McKEOWN and BYBEE, Circuit Judges, and GAITAN,*** District Judge.

Eli Dunn appeals the district court's judgment after a one-day bench trial in his action under maritime law to recover wages due for working as a deckhand on the F/V Silver Bullet, a salmon fishing boat operated by Bryce Hatch and Hatch Marine Enterprise, LLC ("Hatch Marine").  Hatch and Hatch Marine cross-appeal.

The district court concluded that Dunn, who had an oral contract, was entitled to an additional $1,905.45 in wages under 46 U.S.C. §§ 10601 and 11107.  The district court also awarded Dunn costs and attorneys' fees as a sanction against Hatch and Hatch Marine for forgery of a written employment contract and failure to fully comply with discovery.  Dunn asserts the district court erred in denying (1) punitive damages under general maritime law and for Hatch's forgery of a written contract, and (2) attorneys' fees for the entire case.  In their cross-appeal, Hatch and Hatch Marine argue the district court erred in (1) awarding Dunn partial attorneys' fees and costs as a sanction, and (2) miscalculating the wages due to Dunn.  We affirm.

1.  Citing *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 424 (2009), Dunn argues punitive damages should have been awarded to him under general maritime law and for Hatch's forgery.  The district court, however, held

***  The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

that 46 U.S.C. § 11107 provides the exclusive penalty for fishermen who had not been paid their full wages in the absence of a written contract and thus denied punitive damages under general maritime law.  This conclusion is supported by the Supreme Court's recent decision in *The Dutra Group v. Batterton*, 139 S.Ct. 2275 (2019), in which the Court held that punitive damages cannot be recovered on claims in admiralty where there is no historical basis for allowing such damages. *Id.* at 2278 (further finding that courts should depart from those policies found in detailed statutory schemes cautiously).  Plaintiff has presented no evidence of a historical basis for allowing punitive damages in maritime wage disputes.  Thus, we believe the same analysis would preclude punitive damages under Sections 10601 and 11107.

Moreover, even if punitive damages were available to Dunn under Sections 10601 and 11107, such damages are limited to cases of "enormity, where a defendant's conduct is outrageous, owing to gross negligence, willful, wanton, and reckless indifference for the rights of others, or behavior even more deplorable." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 493 (2008) (internal citations and quotation marks omitted).  In Dunn's case, the underlying facts do not support a claim that Hatch's conduct demonstrated a case of enormity or deplorable behavior. Instead, the mere statutory violation of having an oral contract rather than a written contract does not constitute "reckless indifference for the rights of others." *Id.*

The forgery claims were dismissed by the district court and that finding was not appealed by Dunn. We are aware of no authority supporting an award of punitive damages for dismissed claims. The district court did not err in determining that punitive damages were not available to Dunn.

2. Dunn requested an award of attorneys' fees for the entire case. The district court limited its award to fees and costs related to sanctionable behavior by Hatch and Hatch Marine. Attorneys' fees are not awarded as a matter of course in admiralty claims; instead, they are awarded, if at all, "when the shipowner acted arbitrarily, recalcitrantly, or unreasonably." *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 635 (9th Cir. 2002). Grants or denials of attorneys' fees are reviewed for abuse of discretion. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009). The district court's order limiting attorneys' fees to those issues where Hatch and Hatch Marine acted in bad faith is not an abuse of discretion.

3. Hatch and Hatch Marine argue the district court erred in awarding Dunn partial attorneys' fees and costs as a sanction. The district court found that Hatch and Hatch Marine used a forged document to support their claim that there had been a written contract. Defendants' use of this forged document resulted in higher costs and attorneys' fees for Dunn. Accordingly, the district court did not abuse its discretion in awarding attorneys' fees and costs related to use of that document. Similarly, the district court did not err in imposing discovery sanctions

4                                                                                                    18-35485

for failure to identify the total amount of profit-sharing/price adjustment during discovery, because Hatch and Hatch Marine ought to have identified the total amount of the profit-sharing/price adjustment in their response to interrogatories. A district court's grant of discovery sanctions is reviewed for abuse of discretion. *See Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016). Here, the district court did not abuse its discretion.

4.      Hatch and Hatch Marine argue that the district court miscalculated the wages due to Dunn, concluding that the district court simply added 10% of $19,054.53 to the payments already made to Dunn, without making any offset for costs and money allegedly overpaid to Dunn. Findings of fact are reviewed for clear error. *See Crowley Marine Servs., Inc. v. Maritrans, Inc.*, 530 F.3d 1169, 1173 (9th Cir. 2008). We find no clear error with the district court's calculations of the wages due, given the evidence presented to the court below.[1]

**AFFIRMED.**

---

[1] Dunn's Motion to Supplement the Record on Appeal (No. 18-35511 Dkt. 6, No. 18-35485 Dkt. 12) is denied as moot.